<span style="color:red">**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000047
05-APR-2024
07:49 AM
Dkt. 80 SO**</span>

NO. CAAP-18-0000047

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

WAIMANALO 56, LLC and SHILOAH WARREN, Plaintiffs-Appellants, v.
WAIMANALO TELEVISION PARTNERS, LLC, WAIMANALO TELEVISION
PARTNERS, HULI HULI TV, LLC, and OCEANIA CHRISTIAN CHURCH
N.K.A. PACIFIC CHRISTIAN CHURCH, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC111000898)

**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

**Waimanalo 56**, LLC and Shiloah **Warren** (collectively,
**Plaintiffs**) appeal from the Final Judgment for defendant Pacific
Christian **Church**, formerly known as Oceania Christian Church,
entered by the Circuit Court of the First Circuit on December 27,
2017.[1]  We affirm.

Plaintiffs' complaint was filed on May 4, 2011.  It had
three substantive counts: (1) breach of a promissory **Note**;
(2) breach of a contract; and (3) unjust enrichment.  Waimanalo
Television Partners, LLC, Waimanalo Television Partners (**WTP**),
and **Huli Huli** TV, LLC were named as defendants, but were never
served with the complaint.  They were dismissed before trial.

A jury-waived trial was held on December 8 and 9, 2015.
The Note, an **Addendum** to Agreement, an **Assignment** Agreement, and

---

[1]     The Honorable Gary W.B. Chang presided.

an **Asset Purchase Agreement** were stipulated into evidence. Stuart **Mitchell** was Plaintiffs' only witness.  Church called no witnesses.  After the close of evidence, Church moved to dismiss Waimanalo 56's claims under Hawaiʻi Rules of Civil Procedure Rule 52(c).  The circuit court granted the motion.  The circuit court entered findings of fact, conclusions of law, and an order on July 1, 2016.  The Final Judgment was entered on December 27, 2017.  This appeal followed.

Plaintiffs challenge many of the circuit court's findings, conclusions, and mixed findings and conclusions.  The dispositive issues are whether the circuit court erred by finding and concluding that (1) "[P]laintiffs failed to prove that [Church] breached a contract or any other promise, debt, or obligation [Church] owed to [P]laintiffs," and (2) Plaintiffs did not prove that Church was unjustly enriched.

**(1)**  Plaintiffs' Exhibit 1 is the Note.  The circuit court found, and Plaintiffs do not challenge, that Huli Huli was the sole maker.[2]  A maker is "a person who signs or is identified in a note as a person undertaking to pay."  Hawaii Revised Statutes (**HRS**) § 490:3-103(a)(5) (2008).  The Note does not evidence any obligation by Church.

The Note is payable "to the order of Stuart B. Mitchell[.]"  "A promise or order that is payable to order is payable to the identified person."  HRS § 490:3-109(b) (2008). The Note bears no indorsement.  Mitchell was not a plaintiff. The Note bears no evidence entitling Waimanalo 56 or Warren to enforce Huli Huli's obligation to pay Mitchell.

Plaintiffs' Exhibit 2 is the Addendum.  The Addendum does not evidence any obligation by Church.  It requires that Huli Huli deliver to Waimanalo 56 "an Amended Promissory Note[.]" No such note is in evidence.  Waimanalo 56 conceded there was no evidence that such a promissory note was delivered to it.

---

[2]     An unchallenged finding of fact is binding on the parties and the appellate court.  <u>Okada Trucking Co. v. Bd. of Water Supply</u>, 97 Hawaiʻi 450, 459, 40 P.3d 73, 82 (2002).

Plaintiffs' Exhibit 3 is the Assignment. Mitchell assigned his interest in the Note to Warren. But the Note bears no indorsement. If "the transferee does not become a holder because of lack of indorsement by the transferor, the transferee has a specifically enforceable right to the unqualified indorsement of the transferor, but negotiation of the instrument does not occur until the indorsement is made." HRS § 490:3-203(c) (2008). The Assignment does not give Warren the right to enforce Huli Huli's obligation to pay Mitchell under the Note — her right is to require that Mitchell indorse the Note to her. See HRS § 490:3-205(a) (2008). But that would only enable her to enforce *Huli Huli*'s obligation to pay. Id. The Assignment does not create an obligation by Church to pay Warren.

Plaintiffs' Exhibit 4 is the Asset Purchase Agreement. Church agreed to buy WTP's Federal Communications Commission broadcast license and certain assets connected with its **KMGT**(TV) television station. Church agreed to assume WTP's obligations "arising after the Closing under the . . . Contracts . . . and all obligations arising from the business or operation of [KMGT] after the Closing."

The Note states that WTP pledged "all equipment and other assets to be utilized in connection with the operation of Station KMGT(TV), in order to secure Huli Huli's performance" under the Note.[3] The circuit court found "there is no question that . . . WTP granted Stuart B. Mitchell a security interest in the equipment and other assets of Station KMGT(TV) to secure Huli Huli's performance under the Note." Plaintiffs argue that Church "assumed the payment and security interest obligations created by

_____

[3] The Addendum also contained a provision stating that WTP "hereby give[s] the payee/holder of the note a security interest in all equipment and other assets utilized in connection with the operation of" KMGT, but there is no evidence that "the note" exists and Waimanalo 56 conceded there was no evidence that "the note" was delivered to it.

the Note . . . and which, as to them as purchaser, arose upon or after the Closing."  The argument fails for several reasons.

WTP — which was dismissed from the lawsuit — has no payment obligation under the Note.  There was no payment obligation for Church to assume.  And, as discussed above, neither Waimanalo 56 nor Warren are entitled to enforce Huli Huli's obligation to pay Mitchell under the Note.

A "security interest" is an interest in property that secures payment or performance of an obligation.  HRS § 490:1-201 (2008).  The secured party is Mitchell, not Waimanalo 56 or Warren.  The circuit court found, and Plaintiffs do not challenge, that there was no evidence of a financing statement being prepared or filed to perfect Mitchell's security interest. See HRS Chapter 490, Article 9, Part 5 (2008).  Assuming a default by Huli Huli under the Note, the remedy of obtaining a judgment against Huli Huli and (assuming a valid security interest) foreclosing on KMGT's assets belongs to Mitchell, not Waimanalo 56 or Warren.  See HRS § 490:9-601 (2008).

The circuit court's mixed finding and conclusion that Plaintiffs did not prove that Church breached a contract or any other promise, debt, or obligation Church owed to Plaintiffs was supported by substantial evidence and reflected an application of the correct rules of law.  It will not be overturned.  Est. of Klink ex rel. Klink v. State, 113 Hawaiʻi 332, 351, 152 P.3d 504, 523 (2007).

**(2)**  A claim for unjust enrichment arises when a plaintiff has bestowed a benefit upon the defendant and seeks some form of equitable relief to prevent the defendant being unjustly enriched.  Lumford v. Ota, 144 Hawaiʻi 20, 25, 434 P.3d 1215, 1220 (App. 2018).  Plaintiffs argue that Church, "by fraud, duress or taking unfair advantage, received value or benefits, the Station Assets, *from [Plaintiffs]*."  (Emphasis added.) Plaintiffs cite no evidence in the record tending to show fraud,

4

duress, or unfair advantage.  The parties to the Asset Purchase Agreement were WTP, as seller, and Church, as buyer.  Plaintiffs cite no evidence in the record showing that *they* bestowed a benefit on Church, or that they are otherwise entitled to some sort of equitable relief from Church.  The circuit court's mixed finding and conclusion that Plaintiffs did not prove that Church was unjustly enriched reflected that absence of evidence, and applied the correct rule of law.

For all of these reasons, the circuit court's December 27, 2017 Final Judgment is affirmed.

DATED:  Honolulu, Hawaiʻi, April 5, 2024.

On the briefs:

Glenn T. Honda,
for Plaintiffs-Appellants.

Thomas R. Sylvester,
for Defendant-Appellee
Oceania Christian Church
n/k/a Pacific Christian
Church.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge